1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL LARSEN, | ) | Case No.: CV12-04392GAF(AJWx) |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PROTECTIVE ORDER** |
| CITY OF LOS ANGELES, THOMAS | ) | |
| TOWNSEND, MICHAEL REX, | ) | |
| KENNETH CROCKER AND DOE | ) | |
| DEFENDANTS 1 THROUGH 10, | ) | |
| INCLUSIVE, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

The Court hereby orders as follows:

    1.    The parties may designate as confidential the following:

        [A]    Personnel complaints alleging dishonesty, false arrest and false reporting against Los Angeles Police Officer Thomas Townsend between June 6, 1993 to the present;

        [B]    Personnel complaints alleging dishonesty, false arrest and false reporting against Los Angeles Police Officer Michael Rex between June 6, 1993 to the present;

        [C]    Personnel complaints alleging dishonesty, false arrest and false

reporting against Los Angeles Police Officer Kenneth Crocker between June 6, 1993 to the present; all of which the parties believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. This legend shall not be affixed in a manner that obscures any text. These categories of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation. The parties may also designate deposition testimony, or portions thereof, which fall within these categories as Confidential Information.

2.  Confidential Information falling within the scope of this order is limited to personal identifying information for any individual except the following: name, age (in years), and relationship to the incident (e.g., customer, bouncer, employee, percipient witness).

3.  Confidential Information may be used by the persons receiving such information only for the purpose of this litigation, such as locating the individual for an interview or service.

4.  If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be

obligated to seek an order barring production of Confidential Information.  However, in no event should production or disclosure be made without written notice to party's counsel unless required by court order after serving written notice to the party's counsel.

5.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation shall redact all Confidential Information. If for some reason Confidential Information is deemed to be material, any such document shall be filed with an application pursuant to Local Rule 79-5.1,  To file the papers - or the confidential portion(s) thereof - under seal.  Such application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

6.      Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.  Counsel for the parties further agree to request that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, unless having heard from counsel, the Court orders otherwise.

9.      Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.  In the event of a dispute regarding the designation of confidential information, the parties shall follow the procedure set forth in Local Rule 37 for obtaining a decision from the Court.

///

///

///

1      10.    This protective order is to be effective on the date the order is signed by the

2  Court, and should survive settlement, trial and/or appeal.

3

4  ***IT IS SO ORDERED.***

5

             11/21/2014

6  DATED:_____   _____

                                  **HONORABLE ANDREW J. WISTRICH**

7                                **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28